IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-00339-RAH-SRW ) |
| LEROY THOMAS JOYNER, JR., | ) ) |
| Defendant. | ) |

**Recommendation and Order**

Before the court are *pro se* Defendant's motion to transfer venue (Doc. 16) and the Government's response (Doc. 37). For the reasons set forth below, the undersigned recommends that the motion to transfer venue be denied.

Defendant is charged in a one count indictment with transporting a minor in interstate commerce with the intent that the minor engage in unlawful sexual activity in violation of 18 U.S.C. § 2423(a). The indictment charges that between on or about September, 2015, and on or about September, 2018, in Dale County, within the Middle District of Alabama, and elsewhere, Defendant

> did knowingly transport an individual who had not attained the age of eighteen years, to wit: Minor Victim 1, in interstate or foreign commerce, to wit: between the State of Alabama and the State of Georgia, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, e.g., ALA. CODE § 13A-6-62[1] and/or GA. CODE ANN § 16-6-3,[2] in violation of Title 18 United States Code, Section 2423(a).

---

[1] Alabama Code Section §13A-6-62 provides: "A person commits the crime of rape in the second degree if, being 16 years old or older, he or she engages in sexual intercourse with another person who is 12 years old or older, but less than 16 years old; provided, however, the actor is at least two years older than the other person."

[2] Georgia Code Ann. § 16-6-3 provides: "A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim."

(Doc. 1).

Defendant argues that venue is improper in the Middle District of Alabama and seeks a transfer of this action to the Middle District of Georgia. Defendant contends that the Middle District of Georgia is the proper venue because Georgia provides the required interstate nexus and is the site at which the alleged crime was committed. (Doc. 16, at 2). Defendant seeks a transfer due to alleged prejudice and inconvenience. *Id*. at 3.

### I.   Background

Defendant is a tennis coach whose date of birth is December 2, 1972. (Case No. 1-20-cr-00033, Doc. 14-1, at 2; Doc. 19, at 6, 60).[3] From 2013 to 2018, Defendant operated Grassroots Tennis Association in Ozark, Alabama. (Case No. 1-20-cr-00033, Doc. 19, at 6-8, 11-12, 42). Defendant provided tennis lessons and home-schooling to a group of children. *Id*. at 11-12. Defendant also took the students to compete in tennis tournaments in Alabama and several surrounding states. *Id*. at 64-65.

In January 2019, FBI Special Agent Heather Holt Whelan began investigating allegations that Defendant had sexually abused one of his female students, C.S., who, at that time, was 15 years old and living in Ozark, Alabama. *Id*. at 35-37, 58-60. During an interview with Whelan, C.S. alleged that, between 2017 and 2018, she and Defendant had approximately 20 sexual encounters, including vaginal and oral sex. *Id*. at 60, 62-64. Whelan testified that the encounters reportedly occurred in both Alabama and Georgia. *Id*. at 61-62.

### II.   Discussion

Rule 18 of the Federal Rules of Criminal Procedure provides that "the government must prosecute an offense in a district where the offense was committed. The court must set the place

---

[3] Unless otherwise stated, citations are to the Court's ecf pagination.

2

of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. Defendant is charged with violating 18 U.S.C. § 2423(a), which states in pertinent part:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage . . . in any sexual activity for which any person can be charged with a criminal offense, [shall be punished by law.]

18 U.S.C. § 2423(a).

The locality of a crime "'must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998) (citation omitted). The indictment alleges that Defendant transported a minor "between the State of Alabama and the State of Georgia, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense." (Case No. 1-21-cr-00339, Doc. 1).

Title 18 U.S.C. § 3237 provides:

> [A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a). Here, the minor resides in the Middle District of Alabama and was allegedly taken from this district across the state line into Georgia. As Defendant's offense allegedly "was begun, continued, or completed" in this district, venue is proper in this district.

With respect to Defendant's motion requesting transfer of venue to another district, Defendant seeks transfer due to prejudice and inconvenience. Rule 21(a) of the Federal Rules of Criminal Procedure requires a transfer only if this court finds that the prejudice to Defendant in this district is "so great . . . that the defendant cannot obtain a fair and impartial trial" here. Fed. R.

3

Crim. P. 21(a). Rule 21(b) grants a court discretion to transfer an action, or one or more counts, to another district "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). "A transfer of venue is completely within the discretion of the trial court and the decision to deny a change of venue request will be reversed only for abuse of discretion." *United States v. Smith*, 918 F.2d 1551, 1556 (11th Cir. 1990).

Defendant maintains that he has suffered prejudice in the form of prosecutorial misconduct,[4] abuse of discretion,[5] and ineffective assistance of counsel.[6] *Id*. at 4. A defendant can establish the need for a change of venue under Fer. R. Crim. P. 21(a) in two ways: "He can demonstrate that a fair trial was impossible because the jury was actually prejudiced against him. Or, he can show that juror prejudice should have been presumed from prejudice in the community and pretrial publicity." *United States v. Campa*, 459 F.3d 1121, 1143 (11th Cir. 2006) (*en banc*) (footnotes omitted); *United States v. Williams*, 605 F. App'x 878, 880 (11th Cir. 2015) ("Rule 21(a) concerns juror prejudice against the defendant, not the costs of trial."). "The presumed prejudice principle is rarely applicable and is reserved for an extreme situation"—a situation which the defendant bears an "extremely heavy" burden to prove. *Id*. (internal quotation marks omitted). Here, defendant has not shown that prejudice in the community should be presumed, nor does he contend that there is or was any prejudicial pretrial publicity concerning his case. The examples defendant cites to show prejudice are not applicable in the context of Rule 21(a).

---

[4] Examples include: "withholding of evidence, loss of evidence, bad faith dismissal, [and] grand jury abuse." *Id*. at 4-9.

[5] Examples include: "unreasonable (52) day delay in responding to dispositive motions, failure to process a time-sensitive subpoena, [and] failure to require a contemporaneous reason or grant rebuttal for a Rule 48(a) dismissal." *Id*. at 4, 9-10.

[6] Examples include: "counsel failure to identify lost time-sensitive evidence, counsel fifteen month failure to file dispositive motions, and counsel failure to issue pertinent subpoenas for evidence and witnesses." *Id*. at 4, 10-11.

"On a motion to transfer venue under Rule 21(b), the moving defendant bears the burden to demonstrate why the case should be transferred." *United States v. Weaver*, No. 12-20756-CR, 2013 WL 12438331, at *7 (S.D. Fla. Feb. 22, 2013) (collecting cases). In evaluating motions to transfer under Fed. R. Crim. P. 21(b), courts generally consider the factors established in *Platt v. Minnesota Mining and Manufacturing Co.*, 376 U.S. 240 (1964). *United States v. Holland*, No. 17-CR-20054, 2017 WL 1433265, at *7 (S.D. Fla. Apr. 24, 2017). The *Platt* factors are, in summary, as follows:

> [T]he location of the defendants; the location of possible witnesses; the location of events likely to be at issue; the location of documents; potential disruption of a defendant's business; expenses to the parties; location of counsel; relative accessibility of the place of trial; the docket condition of each district involved, and any other special factors which might affect transfer.

*United States v. Stickle*, 355 F. Supp. 2d 1317, 1321 (S.D. Fla. 2004), *aff'd*, 454 F.3d 1265 (11th Cir. 2006); *see Platt*, 376 U.S. at 243-44. "The relative significance of these factors varies widely from case to case," and "[t]he burden falls on the defendant to demonstrate a substantial imbalance of inconvenience to himself if he is to succeed in nullifying the prosecutor's choice of venue." *Id*.

As to inconvenience of venue under Rule 21(b), Defendant argues that transferring this action to the Middle District of Georgia would be more convenient for the parties and potential witnesses. Defendant asserts that

> the victim, her mother and three minors reside in Alabama while (5) adults and (2) minors reside in Georgia. One additional minor resides in Florida. As it relates to the venue's convenience for the thirteen potential witnesses, (5) Alabama residents would have to travel (85) miles to Montgomery, Alabama with (4) Georgia residents have to drive (85) miles while (3) additional residents of the state have to drive over (160) miles. The Florida resident will have to drive over 120 miles. However, the granting of a transfer would present more convenience for all, as the (5) Alabama residents would still have to travel (85) miles to the Middle District of Georgia with the (7) Georgia residents all having to drive under (100) miles. The transfer will benefit the Florida resident who will have to now drive under 120 miles.

5

(Doc. 16, at 11-12). In addition, Defendant argues that this action should be transferred "in the interest of justice." *Id*. Defendant cites, in support of his contention, the fact (1) that he resides and is under house arrest in Columbus, Georgia; (2) that only five of the possible 13 witnesses reside in Alabama and, of the other eight witnesses, seven reside in Georgia, with the other residing in Florida; (3) that the location of the crime is in Georgia and involves violation of Georgia state law; (4) that the location of documents and records do not favor this district as Defendant has already received copies of any such documents, and the location of the van and the place where the alleged intent to engage in sexual activity transpired are in the Middle District of Georgia; (5) that if this matter proceeds in the Middle District of Alabama, each day he travels will be day of lost wages as it will interrupt his ability to make telephone calls and send emails regarding his work related to tennis sales and marketing; (6) that the travel costs for him and whoever accompanies him to and from Columbus, Georgia, will pose an extreme hardship for him; (7) that a transfer would not inconvenience the Government because the United States Attorney for the Middle District of Georgia would assume the responsibility of prosecuting this matter and Defendant could contact the Federal Public Defender in the Middle District of Georgia for standby assistance, if necessary; (8) that proceedings in the Middle District of Georgia are more accessible to Defendant than proceedings in the Middle District of Alabama; (9) that the court docket in the Middle District of Alabama is more congested than that of the Middle District of Georgia; and (10) that the district court in Georgia is more familiar with the underlying Georgia state statute that Defendant allegedly violated and that Defendant is improperly being required to stand trial in the Middle District of Alabama, which is nearly 85 miles outside of the *locus delicti*. *Id*. at 12-17.

    As discussed above, although Defendant, by his estimate, resides 85 miles from this district, venue is proper in the Middle District of Alabama as Defendant's alleged offense "was begun, continued, or completed" in this district. Defendant fails to show that his traveling 85 miles

is, in itself, a substantial inconvenience for him. Moreover, while proceedings in the Middle District of Georgia may be more accessible to Defendant, the minor victim and some of the Government's witnesses reside in this district. Defendant has made no showing that the accessibility of the place of trial would greatly inconvenience any of the parties or witnesses. Also, "[a] criminal defendant does not have a constitutional right to be tried in the district encompassing his residence." *United States v. Kopituk*, 690 F.2d 1289, 1322 (11th Cir. 1982). The core fact witnesses in this case are in Alabama, including the minor victim. Defendant has made no showing of the necessity of some of the witnesses to whom Defendant refers, or demonstrated that such witnesses would be greatly inconvenienced by traveling a little further to trial. Defendant also has failed to show that the "location of events likely to be at issue," or the location of any documents, would favor transfer to Georgia. Defendant concedes that he has copies of documents, and the location of the van is irrelevant as to transfer. As to disruption of his business, Defendant fails to show what material damage would accrue to his business or why he would not be able to conduct some of his work on a telephone or smart phone in the car, especially if someone else were driving him. Moreover, disruption of a defendant's business "is one of the less decisive issues in conducting a *Platt*-factor analysis." *United States v. Roseman*, No. 19-20178-CR, 2021 WL 2457997, at *4 (S.D. Fla. May 25, 2021), *report and recommendation adopted*, No. 19-20178-CR, 2021 WL 2453143 (S.D. Fla. June 16, 2021) (citations and internal quotation marks omitted); *see also United States v. Dimaria*, 2018 WL 1173094, at *7 (S.D. Fla. March 6, 2018) (noting that any criminal trial would disrupt a defendant's work regardless of the location of the trial).

      Defendant also fails to show that the expense of trial in Alabama will be great compared with a Georgia venue. The "location of counsel" weighs against transfer as such transfer would cause attorneys in the United States Attorney's and the Federal Public Defender's offices in the Middle District of Georgia to expend time and effort already spent by their counterparts in the

Middle District of Alabama if they had to get involved and familiarize themselves with this action, which would cause further delay in prosecuting the case. *United States v. Sidell*, No. CRIM. 10-0262, 2011 WL 203619, at *2 (S.D. Ala. Jan. 21, 2011) (quoting *Kopituk*, 690 F.2d at 1322) (Rule 21(b) "accords weight not just to the convenience of the defendant, but to the convenience of all parties and witnesses, including the convenience of the government.") (internal quotation marks omitted). Defendant has made no factual showing that the docket of this court is overwhelmed or that the Middle District of Georgia's is any better. The "other special factors" cited by defendant are also unavailing. This court is as capable of applying a Georgia statute to a federal offense as is a federal district court in Georgia. Further, as previously discussed, the requirement for Defendant to stand trial in the Middle District of Alabama, which is nearly 85 miles outside of the *locus delicti*, does not impose a major inconvenience on Defendant.

Accordingly, weighing the *Platt* factors individually and in combination, the court finds that Defendant has failed to meet his burden of showing that this action should be transferred to the Middle District of Georgia pursuant to Rule 21(b).

### III. Conclusion

Based upon the foregoing, it is the Recommendation of the Magistrate Judge that Defendant's motion to transfer venue (Doc. 16) be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **December 1, 2021.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right

of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 17th day of November, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge