IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00339-RAH-SRW |
| | ) | |
| LEROY THOMAS JOYNER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Before the court are *pro se* Defendant Leroy Thomas Joyner, Jr.'s motion to dismiss the indictment (Doc. 19) and the Government's response (Doc. 51). For the reasons set forth below, the court concludes that the motion to dismiss is due to be granted and that the indictment is due to be dismissed without prejudice.

**I.     Introduction**

Defendant is charged in a one count indictment with transporting a minor in interstate commerce with the intent that the minor engage in unlawful sexual activity in violation of 18 U.S.C. § 2423(a). The indictment charges that between on or about September, 2015, and on or about September, 2018, in Dale County, within the Middle District of Alabama, and elsewhere, Defendant

> did knowingly transport an individual who had not attained the age of eighteen years, to wit: Minor Victim 1, in interstate or foreign commerce, to wit: between the State of Alabama and the State of Georgia, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal

offense, including, e.g., ALA. CODE § 13A-6-62[1] and/or GA. CODE ANN § 16-6-3,[2] in violation of Title 18 United States Code, Section 2423(a).

(Doc. 1).

Defendant argues that the indictment fails as a matter of law to state an essential element of § 2423(a), as, once the minor crossed into Georgia, she could not have engaged in sexual activity for which a person could be charged under Ala. Code. § 13A-6-62. (Doc. 19, at 3-4). Relatedly, Defendant contends that his right to indictment by grand jury was violated because the Government indicted him in the disjunctive, charging that he violated § 2423(a) based upon his violation of Alabama Code § 13A-6-62 *or* Georgia Code § 16-6-3(a). *Id*. at 9-10. Defendant also maintains that the Government lacks corroborative evidence supporting a violation of Georgia Code § 16-6-3(a). *Id*. at 4-8.

## II.   Background and Procedural History

Defendant is a tennis coach, and he was in his late forties at the time of the alleged offense. (Doc. 51-1, at 6, 60).[3] From 2013 to 2018, Defendant operated Grassroots Tennis Association out of Ozark, Alabama. *Id*. at 6-8, 11-12, 42. Defendant provided tennis lessons and home-schooling to a group of children. *Id*. at 11-12. Defendant also took the students to compete in tennis tournaments located in Alabama and several surrounding states. *Id*. at 64-65.

In January 2019, FBI Special Agent Heather Holt Whelan began investigating allegations that Defendant had sexually abused one of his female students, C.S., who, at that time, was 15

---

[1] Alabama Code Section 13A-6-62 provides: "A person commits the crime of rape in the second degree if, being 16 years old or older, he or she engages in sexual intercourse with another person who is 12 years old or older, but less than 16 years old; provided, however, the actor is at least two years older than the other person."

[2] Georgia Code Ann. § 16-6-3 provides: "A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim."

[3] Unless otherwise stated, citations are to the Court's ecf pagination.

2

years old and living in Ozark, Alabama. *Id*. at 35-37, 58-60. During an interview with Whelan, C.S. alleged that, between 2017 and 2018, she and Defendant had approximately 20 sexual encounters, including vaginal and oral sex. *Id*. at 60, 62-64. Whelan testified that the encounters reportedly occurred in both Alabama and Georgia. *Id*. at 61-62.

The Government originally charged Defendant on February 12, 2020 with aggravated sexual abuse of a child between the age of 12 and 16, in violation of 18 U.S.C. § 2241(c). (Case No. 1:20-cr-00033, Doc. 1). On October 27, 2020, the Government charged Defendant by superseding indictment with knowingly transporting a minor in interstate commerce with the intent that the minor engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). (Case No. 1:20-cr-00033, Doc. 31). Specifically, the indictment charged that Defendant knowingly transported C.S. from Alabama to Georgia with the intent that C.S. engage in sexual activity for which someone could be charged under Ala. Code § 13A-6-62. *Id*. Defendant filed multiple pretrial motions, including a motion to dismiss the superseding indictment for failure to state an essential element of § 2423(a). (Case No. 1:20-cr-00033, Doc. 61, at 1). Defendant argued, among other things, that once the minor crossed into Georgia, she could not have engaged in sexual activity for which a person could be charged under Ala. Code. § 13A-6-62. *Id*. at 3-6.

On June 10, 2021, United States Magistrate Judge Stephen Doyle entered a Report and Recommendation ("R&R") recommending that the superseding indictment be dismissed without prejudice because the Government failed to state an essential element of § 2423(a). *United States v. Joyner*, No. 1:20-CR-33, 2021 WL 3206797, at *1, 5, 7 (M.D. Ala. June 10, 2021). The Government did not file an objection to the R&R, but instead moved to dismiss the superseding indictment without prejudice. (Case No. 1:20-cr-00033, Doc. 94). On June 21, 2021, the district court granted the Government's motion and dismissed the superseding indictment without prejudice. (Case No. 1:20-cr-00033, Doc. 95).

On July 14, 2021, the Government secured the current indictment, which charges that Defendant transported a minor from Alabama to Georgia with the intent that she engage in sexual activity for which someone could be charged with a criminal offense under Ala. Code. § 13A-6-62 and/or Ga. Code § 16-6-3. (Case No. 1:21-cr-00339, Doc. 1).

### III.    Legal Standards

Under the grand jury clause of the Fifth Amendment, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury[.]" U.S. Const. amend. V. The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. An indictment is constitutionally sufficient "if it '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) (citation omitted). Also, Fed. R. Crim. P. 7 provides that an indictment must state "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "'An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute.'" *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (citation omitted). Moreover, "if the indictment tracks the language of the statute, 'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Id*. (citation omitted). An indictment that fails to state an essential element of the charged offense is legally insufficient and must be dismissed. *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011); *United States v. Adkinson*, 135 F.3d 1363, 1378 (11th Cir. 1998).

Under Fed. Rule Crim. P. 12, a defendant may file a pretrial motion challenging the legal sufficiency of the indictment. *See* Fed. R. Crim. P. 12(b)(3). The legal sufficiency of a criminal indictment "'is determined from its face.'" *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citations omitted). A court may dismiss a criminal prosecution on grounds of "a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B); *United States v. Gayden*, No. 616CR187ORL41TBS, 2018 WL 8808058, at *3 (M.D. Fla. June 8, 2018), *aff'd*, 977 F.3d 1146 (11th Cir. 2020).

## IV.   Discussion

In the Eleventh Circuit, to establish a violation of 18 U.S.C. § 2423(a), the government must prove that a defendant "(1) knowingly transported [the minor] in interstate commerce; (2) [the minor] was under the age of 18; and (3) [the defendant] intended to engage in criminal sexual activity with [the minor]." *United States v. Partin*, 634 F. App'x 740, 749 (11th Cir. 2015). In the prior criminal action brought against this Defendant, Case No. 1:20-cr-00033, Judge Doyle found that the superseding indictment was legally insufficient because it failed to state an essential element of 18 U.S.C. § 2423(a)—i.e., the superseding indictment failed to charge Defendant with violating the laws of Georgia where the alleged sexual activity occurred after Defendant transported the minor across Alabama state line. *Joyner*, 2021 WL 3206797, at *3, 5. Judge Doyle noted that the case provided a novel question: "whether reference to an origin-state rape offense—as opposed to a destination-state rape offense—is legally sufficient to support a charge under § 2423(a)." *Id*. at *3. Examining § 2423(a)'s essential elements, Judge Doyle determined that "[t]he first essential element provides § 2423(a)'s actus reus: that the defendant *transported* a minor in interstate commerce, which in this context, means from one state to another state," and that "[t]he third essential element provides the offense's relevant mens rea: that the defendant *intended* for the minor to engage in unlawful sexual activity at the time of transportation." *Id*. at *3-4 (footnotes

and citations omitted) (emphasis in original). Judge Doyle concluded that although "[t]he Government need not allege or prove that the minor actually engaged in unlawful sexual activity," *see United States v. Hoschouer*, 224 F. App'x 923, 926 (11th Cir. 2007), "the Government must specify the underlying criminal offense for which the defendant or someone else could have been charged had the minor engaged in the intended sexual activity." *Id*. at *4 (citing 11th Cir. Pattern Jury Instruction (Crim.) 93.1 (2020)).

In analyzing the specific relationship between § 2423(a)'s actus reus of transportation and mens rea of intent, Judge Doyle discussed the Eleventh Circuit's explanation of that relationship in the context of § 2423(b)—an analogous statutory provision—in *United States v. Hersh*, 297 F.3d 1233, 1246 (11th Cir. 2002). *Id*. at *4. Judge Doyle noted that,

> [i]n *Hersh*, a defendant was convicted of violating 18 U.S.C. § 2423(b), which at that time punished a "person who travels in interstate commerce ... *for the purpose of engaging in any sexual act* ... with a person under 18...." *Id*. at 1245. The Eleventh Circuit explained that, under § 2423(b), a defendant must have "formed the intent to engage in sexual activity with a minor when he crossed state lines...." *Id*. at 146 (emphasis added).
>
> In *United States v. Broxmeyer*, the Second Circuit concluded that "[§] 2423(a) operates in the same way"--"[t]he plain wording of the statute requires that the mens rea of intent coincide with the actus reus of crossing state lines." *Broxmeyer*, 616 F.3d at 130. There, a 37-year-old field hockey coach engaged in oral sex with one of his underage players after practice while the two were in New York. *Id*. at 127. The defendant then drove the minor to her home in Pennsylvania. *Id*. The Government indicted the defendant under § 2423(a), for knowingly transporting a minor across state lines with the intent that the minor engage in sexual activity for which a person could be criminally charged. *Id*. at 123, 127. At trial, a jury convicted the defendant, and he appealed. *Id*. at 123.
>
> Relying on the Eleventh Circuit's decision in *Hersh*, the Second Circuit reversed the defendant's § 2423(a) conviction on the grounds that the trip from New York to Pennsylvania could not support a charge under § 2423(a). *Id*. at 129-30. The court held that a person cannot be convicted of § 2423(a) "where the unlawful sexual act occurs before the crossing of state lines, and where there is no evidence of an intent to commit a sexual act when state lines were crossed." *Id*. at 129. The court reasoned that, because the plain wording of § 2423(a) requires that the mens rea of intent coincide with the actus reus of crossing state lines, a defendant's intent must be "ascertained as of the moment the state line was crossed." *Id*.

*United States v. Joyner*, No. 1:20-CR-33-ECM-SMD, 2021 WL 3206797, at *4 (M.D. Ala. June 10, 2021); *see id.* at *4 n.10 (collecting cases in which several other courts reached this conclusion based on the same or similar reasoning).

Based upon this analysis, Judge Doyle reached the following conclusion:

Applying the same reasoning to the superseding indictment, the undersigned concludes that, as a matter of law, Joyner could not have transported C.S. from Alabama to Georgia with the intent that C.S. engage in sexual activity for which a person could be charged in violation of Ala. Code § 13A-6-62. Under that statute, a person commits second-degree rape "if, being 16 years old or older, he or she engages in sexual intercourse with another person who is 12 years old or older, but less than 16 years old; provided, however, the actor is at least two years older than the other person." Ala. Code § 13A-6-62(a). Sexual intercourse occurs at the moment of penetration. Ala. Code § 13A-6-60(4); *see also Israel v. State*, 141 So. 3d 95, 102 (Ala. Crim. App. 2013).

As a matter of law, however, a person cannot violate Ala. Code § 13-A-6-62 by having sexual intercourse with a minor *outside* the State of Alabama. *See, e.g.*, Restatement (First) of Conflict of L. § 428 (2021) ("The law of a state determines whether an act done or event caused to happen *within* the state is a crime." (emphasis added)); 15A C.J.S. *Conflict of Laws* § 60 (2021) (explaining that "[w]hether an act constitutes a crime is ordinarily determined by the law of the state *in which* it occurs" (emphasis added)). *Cf.* Ala. Code § 15-2-3 ("When the commission of an offense *commenced in* the State of Alabama is consummated without the boundaries of the state, the offender is liable to punishment therefor in Alabama; and venue in such case is in the county in which the offense was commenced, unless otherwise provided by law." (emphasis added)). To be sure such a person might violate the laws of the state where the intercourse occurs—e.g., Georgia—but not second-degree rape in violation of Ala. Code § 13A-6-62(a).

Against this backdrop, the legal insufficiency of the superseding indictment is patent. Once Joyner allegedly transported C.S. into Georgia, C.S. could not have engaged in sexual activity for which Joyner (or anyone else) could have been charged under Ala. Code § 13A-6-62. Any sexual activity engaged in by C.S. after she crossed the state line into Georgia would have occurred entirely outside the State of Alabama and, as such, would not have constituted a violation of Ala. Code § 13A-6-62. As a matter of law, then, Joyner could not have transported C.S. from Alabama to Georgia with the intent that C.S. engage in sexual activity for which a person could be charged under Ala. Code § 13A-6-62. A contrary conclusion would strike directly against the rule that, for purposes of § 2423(a), a defendant's mens rea of intent must coincide with his actus reus of transporting a minor across state lines. *See Broxmeyer*, 616 F.3d at 129.

Accordingly, the undersigned finds that the superseding indictment is legally insufficient because Joyner's alleged actus reus of transporting C.S. from Alabama

> to Georgia contradicts his alleged mens rea of intent that C.S. engage in sexual activity for which a person could be charged under Ala. Code § 13A-6-62. And because the superseding indictment alleges no other offense for which Joyner (or anyone else) could have been charged had C.S. engaged in sexual activity after crossing into Georgia, the undersigned concludes that the superseding indictment fails to state an essential element of § 2423(a). The superseding indictment is therefore legally insufficient and should be dismissed without prejudice.

*United States v. Joyner*, No. 1:20-CR-33-ECM-SMD, 2021 WL 3206797, at *5 (M.D. Ala. June 10, 2021) (footnote omitted).

The Government contends that Judge Doyle's conclusion runs afoul of the plain statutory language, and argues that if Defendant transported a minor across state lines to engage in activity that would constitute a criminal offense in Alabama, the statute is satisfied (Doc. 51, at 4). In support, it cites *Hoschouer*, 224 F. App'x at 926, in which the Eleventh Circuit stated that "the plain language of section 2423(a) requires only that the defendant knowingly transport a minor with the 'intent' of engaging in criminal sexual activity," *id*. However, *Hoschouer* is inapposite, as it was not an origin case. In that case, the defendant was traveling from Texas to North Carolina and was arrested while driving through Georgia. *Hoschouer*, 224 F. App'x at 925, 927. The Court found that § 2423(a) "merely require[d] that the defendant have intended to engage in criminal sexual activity with a minor," "not that the sexual activity must have been a significant motivating purpose for transporting or traveling with [the minor]," and that sufficient evidence supported the defendant's conviction as it showed that the defendant and the minor had sexual intercourse almost every day and that he would have had sex with the minor had they stayed in Georgia long enough. *Id*. at 926-27. For purposes of analyzing the § 2423(a) charge in the indictment in the instant criminal action, the court adopts Judge Doyle's well-reasoned analysis and concludes that Defendant could not have transported C.S. from Alabama to Georgia with the intent that C.S. engage in sexual activity for which a person could be charged in violation of Ala. Code § 13A-6-62. *See also United States v. Powell*, 1 F. Supp. 2d 1419, 1423 (N.D. Ala. 1998), *aff'd*, 177 F.3d

8

982 (11th Cir. 1999) (where defendant was alleged to have transported a minor from Alabama to Florida to engage in unlawful sexual activity and was charged with violating Florida state law, the district court found that the indictment properly specified the state law violations necessary to trigger § 2423 as well as the alleged origination and destination points of interstate travel).

The Court also concludes that the Government's argument that disallowing the Alabama statute as a triggering offense "would have the pernicious result of allowing perpetrators to move minors across state lines into states with a lower age of consent to engage in sexual activity that would have been illegal in their home state, without repercussion," despite the fact that the purpose of the act is to prevent the transporting of minors for illicit sexual purposes, *id*., is unavailing. The Government cites *United States v. Taylor*, 239 F.3d 994, 996 (9th Cir. 2001), in which the Ninth Circuit noted that § 2423(a) "is intended to protect young persons who are transported for illicit purposes." *Id*. However, *Taylor* is likewise inapposite, as that case stands for the proposition that the government need not prove that a defendant knew that the victim was a minor under 18 U.S.C. § 2423(a). *Taylor*, 239 F.3d at 996.

The Government also argues that whatever jurisdictional defect the superseding indictment in Case No. 1:20-cr-0003 may have had, that defect has been cured in this case by the allegation that Defendant transported a minor across state lines with the intent to commit a sexual act that would violate the law in either Alabama, Georgia, or both. (Doc. 51, at 3). The Government maintains that by alleging that Defendant also violated Georgia Code § 16-6-3, it has cured any defect that may have existed in the superseding indictment addressed by Judge Doyle. (Doc. 51, at 4).

"[P]rosecutors generally cannot charge alternatives in the disjunctive." *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014) (citing *The Confiscation Cases*, 87 U.S. 92, 104, 20 Wall. 92, 104, 22 L.Ed. 320 (1873) ("[A]n indictment or a criminal information which

9

charges the person accused, in the disjunctive, with being guilty of one or of another of several offences, would be destitute of the necessary certainty, and would be wholly insufficient.")); *United States v. LaPointe*, 690 F.3d 434, 440 (6th Cir. 2012) ("Indictments must be phrased in the conjunctive so that society can be confident that the grand jury has found probable cause for all of the alternative theories that go forward."); *United States v. Schmidt*, 571 F.3d 743, 747 (8th Cir. 2009) ("Rules of federal pleading require indictments to charge in the conjunctive, using the term 'and,' even when the statute is drafted in the disjunctive, using the term 'or.'"). However, "where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive." *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000). Thus, if the conviction is based on one of the conjunctively charged means, "the trial jury's beyond-a-reasonable-doubt finding will match one of the means that the grand jury has charged based on its probable cause findings. When that happens, the defendant is not convicted on a theory the grand jury did not charge." *United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014) (superseded by statute on other grounds).

Here, the Government has attempted to "cure any actual or perceived jurisdictional defect," (Doc. 51, at 2), in the current indictment by charging that Defendant's conduct violated Ala. Code § 13A-6-62 *and/or* Georgia Code § 16-6-3. By using the ambiguous term "and/or"—that is, by alleging that Defendant is guilty of one or the other or both offences—the Government effectively charges Defendant in the disjunctive. As the Government acknowledges in its brief, the term "and/or" in the indictment conveys that Defendant violated the law in either Alabama, Georgia, or both. (Doc. 51, at 3). However, for the indictment to provide Defendant with certainty that the grand jury found probable cause for all of the alternative means or theories of committing the offense charged in this indictment, the grand jury must determine that probable cause supports a

10

violation of *both* statutes—not either (1) the Alabama statute, or (2) the Georgia statute, or (3) both the Alabama and Georgia statutes. *Mozie*, 752 F.3d at 1284; *Simpson*, 228 F.3d at 1300[4]; *see also United States v. Ganadonegro*, No. CR 09-0312, 2012 WL 844125, at *7 (D.N.M. Mar. 5, 2012) ("If the indictment used the disjunctive, the Court and the parties would not have confidence that the grand jury had, based on the disjunctive 'or,' found probable cause to support a charge on each of the disjunctive terms. The conjunctive form eliminates this potential problem. Indeed, submitting an indictment with disjunctive language to the grand jury *creates a risk that no member of the grand jury voted for the indictment to issue on one of the two disjunctive theories in a particular count.*")(emphasis added). Thus, the Government's decision to charge in the disjunctive by using the term "and/or" renders the indictment defective. Further, because the indictment's use of the disjunctive also allows Defendant to be charged with violating Ala. Code § 13A-6-62 alone, the indictment suffers from the same defect as the superseding indictment that Judge Doyle found was legally insufficient. The indictment therefore is due to be dismissed without prejudice.

---

[4] In its brief, the Government cites *Simpson*, 228 F.3d at 1300, for the general rule that while "an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive." (Doc. 51, at 3). While it is true that the Government may obtain a conviction on proof of only one of the alternate means charged, and while the jury instructions may also be framed in the disjunctive, the Government ignores the fact that *Simpson* also states that the indictment itself must charge the alternate means of committing the offense in the conjunctive. *See also Mozie*, 752 F.3d at 1284. The Government acknowledges that "[i]t is certainly the case that the government cannot charge in an indictment alternative crimes," as "[d]oing so would fail to give the defendant proper notice of the crimes charged against him," (Doc. 51, at 6), but then argues that it is "[e]qually well established "that the government may charge multiple means by which a defendant may have violated a statute." *Id.* at 6-7. In support of this argument, the Government cites *Crain v. United States*, 162 U.S. 625, 636 (1896) ("We perceive no sound reason why the doing of the prohibited thing in each and all of the prohibited modes may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute."), and *Howard*, 742 F.3d at 1343 n.3 ("Prosecutors can and frequently do, however, charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."). *Id*. However, the Government once again ignores the fact that these cases do not alter the rule that in an indictment, the Government must charge these multiple means in the conjunctive.

Indeed, the Government admits that the indictment is charged in the disjunctive. It says, "Since the indictment is charged in the disjunctive, 'a conviction may be obtained on proof of only one of the means,' *Simpson*, 228 F.3d at 1300—in this case, a violation of Georgia law." (Doc. 51, at 5). Again, the fact that the Government need only prove before a petit jury one of the alternate means of committing an offense does not mean that the grand jury does not have to find probable cause for all of the alternative means or theories of committing the offense charged in this indictment. The Government has improperly conflated the two.

## V.   Conclusion

Accordingly, for the reasons stated above and consistent with the discussion herein,[5] it is the RECOMMENDATION of the Magistrate Judge that Defendant's motion to dismiss the indictment (Doc. 19) be GRANTED, that the indictment (Doc. 1) be DISMISSED WITHOUT PREJUDICE, and that all other pending motions be DENIED as moot. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before December 2, 2021. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

---

[5] Because it concludes that the indictment is legally defective, the court does not address Defendant's remaining arguments.

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

  DONE, on this the 18th day of November, 2021.

                <u>/s/ Susan Russ Walker</u>
                Susan Russ Walker
                United States Magistrate Judge